IN THE UNITED STATES DISTRICT COURT
FOR THE EAST DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

**CALVIN LYNDELL DIBRELL,**

    **Plaintiff(s)**,

vs

**Alcoa Police Department, Officer Roger Allen Rex, Jr., Individual Capacity and Official Capacity**

    **Defendant(s).**

                                        **JURY TRIAL DEMANDED**

## COMPLAINT

Comes now the Plaintiff, Calvin Dibrell (hereinafter "Mr. Dibrell" or "Plaintiff") and, and for his cause of action would show the following:

### INTRODUCTION

1. This action is brought pursuant to the laws in the State of Tennessee.

2. This action is brought pursuant to the Tennessee Human Rights Act, T.C.A. §4-21-401, et seq. and 42 U.S.C. §1983 and §1985(2) (3).

3. This action alleges fraudulent misrepresentation, negligence, false arrest, false imprisonment, and malicious prosecution, negligent infliction of emotional distress and intentional infliction of emotional distress. In addition, this Complaint alleges any and all causes of action consistent with the facts of the case, and any headings are used for convenience, but all statements are incorporated into each and every heading and section in this Complaint.

## PARTIES

4. Plaintiff, Calvin Dibrell, is and at all times pertinent herein, has been, a resident citizen of Knoxville, Knox County, Tennessee.

5. Defendant, City of Alcoa is responsible for the administration and governance of the Alcoa Police Department, which is located in Blount County, Tennessee.

6. Defendant Roger Allen Rex, Jr., at all relevant times, was a police officer with the Alcoa Police Department, and in engaged in the conduct complained of while on duty.

7. The facts and occurrences hereinafter set forth took place in Blount County, Tennessee.

8. Venue is proper in this federal judicial district pursuant to 28 USC § 1391 and 28 USC § 1332.

## FACTS

9. That Plaintiff is a retired, wounded military veteran, who suffers from severe pain as a result of injuries suffered while conducting a military mission.

10. That as a result of his severe injuries, Plaintiff is prescribed and takes several medications to control pain, post-traumatic stress disorder and other maladies.

11. That in an effort to treat chronic onset of his symptoms, Plaintiff, as advised by his physicians, travels with his medications with him.

12. That as an African American, Plaintiff was racially profiled when he went into a Regions Bank on or about 7-9-2018.

13. Defendants initially attempted to arrest Plaintiff that day for looking suspicious, although Plaintiff did nothing other than conducted business at the bank.

14. When Defendants made the scene, Plaintiff had already left.

15. Defendants then instructed the bank to notify them if Defendant came back.

16. Plaintiff is a customer of Regions Bank.

17. Then, on or about 7-11-2018 Plaintiff came back, unaware that Defendants were seeking to harass and arrest him.

18. The bank contacted Defendants as instructed, and Defendants came back to the bank, this time while Plaintiff was present.

19. Plaintiff was told that he was driving on a suspended license, due to a failure to pay court costs and fines, and that Plaintiff was lying when he stated that he was only waiting on some paperwork, as his license should not have been suspended.

20. In fact, Defendants were aware that Plaintiff's license was not lawfully suspended, and that it was not legal to have his license suspended for a failure to pay court costs and fines.

21. Defendants then physically apprehended Plaintiff, assaulted him, and nearly took his life.

22. Plaintiff was tasered repeatedly, and when Plaintiff asked why they were doing this to him, no response was given.

23. Plaintiff was arrested and charged with Driving on a Suspended License With 2 or More Subsequent Offenses, and Resisting Arrest.

24. Defendants was aware that Plaintiff's license was not lawfully suspended.

25. Defendants were aware of the law that changed, making Plaintiff's license unlawfully suspended.

26. Defendants were aware that in fact, Plaintiff's license was not suspended.

3

27. Defendants was aware that Plaintiff did not resist arrest.

28. Defendants was aware that the arrest was illegal.

29. Defendants were aware that the force used was illegal and excessive.

30. Defendants were aware that Plaintiff had a right to self-defense against excessive force, even if the arrest was legal, which it was not.

31. That Defendants' conduct has been a continuing practice for several years and is deliberately devised to harass, intimidate and or terrorize Plaintiff, and minorities.

32. That the Defendants' prosecuted Plaintiff, and testified against Plaintiff, knowing that Plaintiff did not violate any laws.

33. Plaintiff alleges that pursuant to T.C.A. 29-20-20 (a) municipalities and governmental entities are generally immune from suit.

34. Plaintiff alleges however that based upon the conduct of the governmental employees and pursuant to T.C.A. 29-20-205 (1) (2), the Tennessee Governmental Tort Liability Act immunity is removed from defendant, City of Knoxville.

35. Plaintiff alleges that Defendant, City of Alcoa, failed to provide adequate training or supervision for the police officers and that his failure to train and supervise his officers has become a custom that has resulted in repeated substantiated racial profiling and the harassment of minorities.

36. Defendant City of Alcoa has assisted in the prosecution of Plaintiff, and has refused to discipline Defendant Rex, due to the fact that Defendant Rex has acted consistent with the pattern, policy, training, and custom of Defendant City of Alcoa, which allows its officers to arrest citizens if the officers allege that the status of their license shows suspended, even if the officer knows that the license is not truly suspended, or lawfully suspended.

37. Defendant City of Alcoa allows its officers to charge citizens with Resisting Arrest if the officer alleges that the citizens did any movement or action inconsistent with an arrest, even if that action is the citizen's body reacting to being tasered.

38. Defendant City of Alcoa allows citizens to be tasered regularly by its officers, and does not properly train officers regarding issues of when a taser should be used, and when force is considered excessive.

39. Defendant City of Alcoa does not sufficiently track any and all instances of excessive force and police violence against citizens.

40. The charges were dismissed against Plaintiff on or about January 31, 2022.

41. As a direct and proximate result of Defendant's actions, Plaintiff have suffered: humiliation; indignity; disgrace; fright; shame; anger; nightmares; mortification; injury to Plaintiff' feelings and reputation; mental and physical suffering; pain and suffering; weight loss; sleeplessness; and loss of enjoyment of life.

42. In addition, Plaintiff has experienced court costs, expenses, and attorney fees.

43. Plaintiff, based on Defendant's conduct, was detained and harassed by the police department, and was left feeling like a second-class citizen who is not even allowed to go to the bank without being harassed, despite being a military veteran who placed his life on the line for this country.

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment against the defendants as follows:

    A. Issue a declaratory judgment finding that the practices herein alleged are unlawful.

    B. Award Plaintiff $1,000,000 in compensatory damages.

5

Case 3:22-cv-00208-KAC-JEM   Document 1   Filed 06/08/22   Page 5 of 6   PageID #: 5

C. Award Plaintiff $5,000,000 in punitive damages.

D. Grant Plaintiff such further relief, as this Court deems proper.

s/ Terrell Tooten
Terrell Tooten, BPR No. 028506
Attorney for Plaintiff
1160 Vickery Lane, Suite 2,
Cordova, TN, 38016
901-609-3622 Telephone;
901-347-8776 Facsimile
x99tooten@gmail.com